IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 04-60026-HO |
| Plaintiff, | ORDER |
| v. | |
| JERRY MICHAEL COOPER, | |
| Defendant. | |

The court sentenced defendant on September 7, 2004. Defendant did not appeal. Defendant filed a motion to vacate his sentence on April 28, 2005.

## Discussion

Defendant requests appointment of counsel, alleging the inability to afford counsel. The court can resolve defendant's challenge to his sentence on the record, and defendant proves capable of adequately presenting his legal arguments. The interests of justice therefore do not require appointment of

counsel, and the request is denied. See 18 U.S.C. 3006A(2)(B).

Defendant argues that (1) the court enhanced his sentence based on judicial fact finding under the preponderance of the evidence standard, in violation of the Sixth Amendment, and (2) counsel's performance in inducing defendant to enter into an ambiguous and unconstitutional plea agreement violated defendant's rights to effective assistance of counsel. The government responds that defendant (1) waived his right to appeal and collaterally attack his sentence, (2) procedurally defaulted his argument that his sentence is unconstitutional, (3) does not show cause and prejudice for the procedural default, and (4) received effective assistance of counsel. Because defendant blames counsel's deficient performance for the appeal waiver and procedural default, the court will consider defendant's claim of ineffective assistance of counsel.

In support of his first argument, defendant relies on United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, 124 S.Ct. 2531 (2004). Although the Ninth Circuit has not decided the question, several federal courts of appeal hold that Booker does not apply retroactively on collateral review. See e.g. McReynolds v. United States, 397 F.3d 479(7th Cir. 2005). There is persuasive authority for the proposition that existing Ninth Circuit precedent does not definitely answer whether Booker and Blakely v. Washington, 124 S.Ct. 2531 (2004) apply retroactively. United States v. Siegelbaum, 359 F.Supp.2d 1104,

1108 (D.Or. 2005) (Panner, J.). Even if the cases apply retroactively, defendant does not prove he is entitled to relief. Consistent with its sentencing memorandum, the government argues that Blakely is inapplicable because defendant admitted the facts that determined his sentence as part of the plea agreement. Defendant does not argue that he was sentenced based on facts he did not admit, and does not identify or dispute any particular facts. Rather, he argues that factors that enhanced his sentence were not decided by the jury. This argument alone does not establish a Sixth Amendment violation. See Siegelbaum, 359 F.Supp.2d at 1108-10. The plea agreement thus does not violate the Sixth Amendment for this reason, and defendant does not otherwise explain how the agreement may be unconstitutional or ambiguous.

## Conclusion

Based on the foregoing, defendant's motion to vacate, set aside or correct sentence [#30] is denied.

IT IS SO ORDERED.

DATED this 13th day of June, 2005.

Michael C. Hogan
United States District Judge

3 - ORDER